UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE TEEKAY OFFSHORE PARTNERS L.P. COMMON UNITHOLDERS LITIGATION | No. 1:19-cv-06483-RA-KNF |
|---|---|

## STIPULATION AND CONFIDENTIALITY ORDER

**WHEREAS** plaintiffs Noster Capital Master Fund, Aquamarine Master Fund LP, Steven A. Monosson, and Mark Whiting (together, "Co-Lead Plaintiffs") and defendant Teekay Offshore Partners L.P. ("Defendant" and, together with Co-Lead Plaintiffs, the "Parties"), have sought or shall seek discovery from the other, and may seek discovery from non-Parties, in relation to this litigation (the "Action"); and

**WHEREAS**, the Parties request that this Court issue a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect the confidentiality of non-public and competitively sensitive information that they may need to disclose in connection with discovery in this Action;

**IT IS HEREBY ORDERED** that any person subject to this Order – including, without limitation, the Parties, their representatives, agents, experts, and consultants; and all non-Parties providing discovery in this Action – will adhere to the following terms:

I. **Designation of Materials as Confidential or Highly Confidential**

1. This Order shall be applicable to and govern all depositions, documents, or electronically stored information exchanged between the Parties in formal discovery and/or from any non-Parties in response to requests for production, subpoenas, answers to interrogatories, responses to requests for admission, and other discovery taken pursuant to the Federal Rules of Civil Procedure, and any other information and materials furnished by a Party, directly or

indirectly (including in connection with any mediation or settlement negotiations among the Parties), as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof, in connection with this Action (collectively, "Discovery Material") including Discovery Material that a Party or a non-Party in good faith believes comprises or reflects confidential and/or proprietary information which is not generally known and which normally would not be revealed to third parties or would cause others to maintain it in confidence, including, without limitation, proprietary, commercially sensitive, or otherwise confidential financial, business, trade secret, research, development, technical, strategic, and/or personal information.

2. Discovery Material governed by this Order shall be used by persons who receive such material, including persons who do not directly receive materials from the producing person, solely for the purposes of the preparation, trial, and appeal of this Action, and solely to the extent reasonably necessary to accomplish the purpose for which disclosure is made, and shall not be used for any other purpose, either directly or indirectly, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function.

3. The provisions of this Order shall become effective upon entry by the Court; however, all material produced and designated as "Confidential" or "Highly Confidential" before the Court enters this Order shall be subject to, and governed by, the provisions of this Order as though it had been entered by the Court before such designation.

4. Any Party to this litigation and any non-Party, as described in Paragraph 7, producing Discovery Material (the "Producing Person") shall have the right to designate as "Confidential," subject to this Order, any Discovery Material or portion of such Discovery Material that the Producing Person reasonably, and in good faith, believes contains:

    a. non-public confidential research and competitively sensitive technical, marketing, financial, sales or other confidential business information;

    b. sensitive non-public information concerning individuals or entities, including, but not limited to, social security numbers, home telephone numbers and addresses, tax returns, and medical, credit, or banking information;

    c. information received in confidence, or pursuant to contractual non-disclosure obligations, from non-Parties;

    d. non-public compensation information about the Producing Person's employees;

    e. information related to the Producing Person's contractual relationships;

    f. information that is subject, by law or by contract, to a legally protected right of privacy or confidentiality;

    g. information that the Producing Person has in good faith been requested by another Party or non-Party to so designate on the grounds that such other Party or non-Party considers such material to contain information that is confidential or proprietary to such Party or non-Party;

    h. information that is subject to federal, state, or foreign data protection laws, including but not limited to, Regulation (EU) 2016/679 of the European Parliament and Council (the "GDPR"), Article 7 of Charter of Fundamental Rights of the European Union 2012/C 326/02, or Article 8 of the European Convention of Human Rights, to the extent that production of documents containing such protected information is permitted under such laws; or

    i. any other category of information this Court subsequently affords confidential status.

Such designated Discovery Material is referred to as "Confidential Discovery Material."

5.  Any Producing Person may, as described in Paragraph 9, designate as "Highly Confidential," subject to this Order, any Discovery Material or portion of such Discovery Material that the person reasonably, and in good faith, believes contains or reflects highly sensitive non-public commercial, proprietary, financial, business, or personal information. The following non-exhaustive list sets forth examples of information that may be considered "Highly Confidential":

   a. trade secrets or other proprietary technical or commercial information that the unauthorized disclosure of which would result in competitive, commercial, or financial harm to the Producing Person or its personnel, clients, or customers;

   b. information related to negotiations with potential customers, investors, or partners, disclosure of which would be harmful to present or prospective business plans;

   c. any non-public information that, if disclosed, could damage an existing or potential business relationship;

   d. financial account information; or

   e. social security numbers, bank account numbers, credit card numbers, or other sensitive personal information.

Such designated Discovery Material is referred to as "Highly Confidential Discovery Material."

6.  Discovery Material that is otherwise available through alternative public means or information that is in the public domain shall not be deemed or considered to be Confidential or Highly Confidential Discovery Material under this Order.

7.  A non-Party from whom Discovery Material is sought by any Party may designate such materials as Confidential or Highly Confidential consistent with the terms of this Order. Under such circumstances, Discovery Material designated Confidential or Highly Confidential by any such non-Party is assigned the same protections as Discovery Material designated Confidential

or Highly Confidential by a Party, and all duties applicable to a Party shall apply to such non-Party. All obligations applicable to a Party receiving Confidential or Highly Confidential Discovery Material from another Party shall apply to any Party receiving Confidential or Highly Confidential Discovery Material from a non-Party.

8. With respect to the Confidential portion of any Discovery Material, other than deposition transcripts and exhibits, the person producing the Confidential Discovery Material may designate a portion as "Confidential" by stamping or otherwise clearly marking every such page as "Confidential" in a manner that will not interfere with legibility or audibility.

9. With respect to the Highly Confidential portion of any Discovery Material, other than deposition transcripts and exhibits, the person producing the Highly Confidential Discovery Material may designate a portion as "Highly Confidential" by stamping or otherwise clearly marking every such page as "Highly Confidential" in a manner that will not interfere with legibility or audibility.

10. Where marking every page of such material is not reasonably practicable, such as with certain native file documents, the Producing Person may designate material as Confidential or Highly Confidential by informing any receiving person in writing in a clear and conspicuous manner at the time of production of such material that such material is designated as Confidential or Highly Confidential.  A person producing native file documents may also designate such native files as Confidential or Highly Confidential by including such designation in the production file name of the native file, for example, "ABC_00000001_CONFIDENTIAL.xlsx."  Discovery Material not reduced to documentary form shall be designated by the Producing Person in a reasonably equivalent way.

11. A Party may seek to add Confidentiality designations to information produced by third parties without such designations.  The objecting Party shall notify both the Producing Person

and all other Parties of the claim of confidentiality at the same time and within 45 days of the date the materials were first produced, whereupon the Producing Person will have 15 days to re-produce the materials in accordance with the procedures set forth above. If the Producing Person refuses to re-designate the materials, the objecting Party may seek an order from the Court imposing such designations on the documents. All materials shall be handled in the manner required by this Order pending resolution of any dispute arising under this paragraph.

12. Any Producing Person may, at any time, seek agreement or move for a further order that additional, specific documents may be produced on a "Highly Confidential" basis.

13. A Producing Person may designate deposition exhibits or portions of deposition transcripts as Confidential or Highly Confidential either by: (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential Discovery Material, in which case the reporter shall mark the question and response as "Confidential" or "Highly Confidential"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Highly Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating person. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

  II. **Limitations on Disclosure**

14. Absent a waiver of confidential protection by the Producing Person, order of this Court, or as otherwise required by law, no person subject to this Order, other than the person producing the Discovery Material, may disclose any Confidential Discovery Material except to the following persons:

a. attorneys of record in this Action, other outside counsel to the Parties, relevant in-house counsel for the Parties, and employees of such attorneys, including secretarial staff, paralegals, and duplicating and data processing personnel, to whom it is necessary that Discovery Material be shown for purposes of this Action;

b. outside experts or consultants (and their respective direct support personnel) retained by a Party or a Party's counsel in connection with this Action (hereinafter, "Qualified Persons"), provided such Qualified Persons have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c. the Court and any appellate court and court personnel;

d. mediators and arbitrators and their staff, as engaged by the Parties or appointed by the Court;

e. actual or potential witnesses or deponents, and their counsel, to the extent reasonably necessary in connection with their testimony in this Action or their preparation therefor, and when the party's counsel does not believe that disclosing Confidential Discovery Material would cause competitive harm; provided, however, that such material can be shared with such person only for purposes of testimony or preparation of testimony in this Action, whether at trial, hearing, or deposition, but it may not be retained by the witness or prospective witness. Before Confidential Discovery Material is disclosed for this purpose, each such person must be provided with this Order and must agree to be bound by this Order by signing a document substantially in the form of Exhibit A; or, if the person refuses to sign such a certification, he or she is provided with a copy of this Protective Order. Notwithstanding that, all witnesses, prospective witnesses, deponents, and their counsel will be bound by all of the provisions of this Order;

    f.    any person who created, sent, or received the Confidential Discovery Material and any person who had access to such material while employed by the Producing Person;

    g.    litigation support and electronic discovery vendors, temporary attorneys, copy services, data entry, and computer support services retained by or for the Parties to assist in preparing for pretrial discovery, trial, and/or hearings, including, but not limited to: litigation support personnel; jury consultants; individuals to prepare demonstrative and audiovisual aids for use in the courtroom, depositions, or mock jury sessions, as well as their staff, and stenographic and clerical employees whose duties and responsibilities require access to Confidential Discovery Material;

    h.    the Parties, including, in the case of Parties that are corporations or other business entities, those executives or other personnel who participate in decisions concerning this Action; and

    i.    insurance carriers, or their representatives or counsel, whose insurance coverage is implicated by or who are paying defense costs associated with this Action, provided such carriers or their representatives or counsel have signed a non-disclosure agreement in the form attached hereto as Exhibit A.

15.    Highly Confidential Discovery Material shall be treated in the same manner as Confidential Discovery Material, except that it shall not be disclosed to executives or other personnel of the Parties (including in-house legal counsel for the Parties) or insurance carriers (but may be disclosed to insurance carrier's counsel).

16.    Nothing in this Order shall prevent a Producing Person from using its own Confidential or Highly Confidential Discovery Material in any way the Producing Person chooses. Notwithstanding a designation of Confidential or Highly Confidential, Discovery Material may be

shown to a person the Parties reasonably believe would have seen or been aware of the material previously.

### III. Challenges to Confidential Designations

17. In the event that counsel for a Party deems it necessary to disclose any Confidential or Highly Confidential Discovery Material to any person not contemplated in Paragraphs 14-15, that counsel shall make a request to counsel for the Producing Person in writing or on the record in a deposition or proceeding before the Court, and shall attempt to reach agreement regarding such disclosure. If agreement cannot be reached, the Party seeking to make the disclosure of the Confidential or Highly Confidential Discovery Material may move the Court to rule as to whether such disclosure may be made and whether any restrictions or limitations should be placed on such disclosure. No disclosure shall be made unless and until such motion is decided in favor of the movant. Notwithstanding anything to the contrary in this Order, however, the Producing Person shall bear the burden of establishing the propriety of its designation of documents or information as Confidential or Highly Confidential.

18. Any Party who objects to any designation of confidentiality may, at any time before trial, serve upon counsel for the Producing Person a written notice stating with particularity the grounds of the objection. If agreement cannot be reached, counsel will address their dispute to the Court in accordance with Local Civil Rule 37.2 and (i) Paragraph 2(A) of this Court's Individual Rules of Practice (if to Magistrate Judge Fox), or (ii) Section 3 of Judge Ronnie Abrams's Individual Rules & Practices in Civil Cases (if to Judge Abrams). Failure to object to a designation, unless after commencement of trial, shall not be treated as a waiver of the objection or acquiescence of the designation.

19. The inadvertent or unintentional disclosure of Confidential or Highly Confidential Discovery Material that should have been designated as Confidential or Highly Confidential,

regardless of whether the Discovery Material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Producing Person's claim to confidentiality, either as to the specific information disclosed or as to any other Discovery Material concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by a written notification provided within a reasonable time to counsel for all Parties and non-Parties to whom the material was disclosed. Such notification shall constitute a designation of the Discovery Material as Confidential or Highly Confidential under this Order. A person who disclosed Discovery Material that is subsequently designated as Confidential or Highly Confidential shall in good faith assist the Producing Person in its efforts to retrieve such material from all recipients not entitled to receive such material under the terms of this Order and shall prevent further disclosures except as authorized under the terms of this Order.  Within 10 business days after receipt of the re-designated documents or materials, the receiving person shall certify in writing that it used reasonable efforts to ensure that all copies lacking the designation have been returned or, in the case of documents bearing notes or other interlineations reflecting the work product of counsel representing such receiving person, destroyed.

    **IV.**    **Miscellaneous**

    20.    To the extent that any Confidential or Highly Confidential Discovery Material needs to be submitted to the Court, it must be submitted in accordance with (i) Paragraph 4(A) of this Court's Individual Rules of Practice (if to Magistrate Judge Fox), or (ii) Section 5(A) of Judge Ronnie Abrams's Individual Rules & Practices in Civil Cases (if to Judge Abrams).

    21.    In the event additional parties join or are joined in this litigation, they shall not have access to Confidential or Highly Confidential Discovery Material until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

22. Nothing in this Order will prevent any Party from producing any Confidential or Highly Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Person as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Person will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Person deems it appropriate to do so.

23. Each person who has access to Discovery Material designated as Confidential or Highly Confidential must take appropriate precautions to prevent the unauthorized or inadvertent disclosure of such material.

24. Within 60 days of the final disposition of this Action — including all appeals — all recipients of Confidential or Highly Confidential Discovery Material must either return such material, including all copies, to the Producing Person or destroy such material, including all copies, and shall provide written certification of such return or destruction to the Producing Person. To the extent any Discovery Material was provided by the receiving Party to third parties under the terms of this Order, the receiving person must similarly ensure and certify the return or destruction of that material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this Action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Highly Confidential Discovery Material. Any such archival copies that contain or constitute Confidential or Highly Confidential Discovery Material remain subject to this Order. For the avoidance of doubt, the attorneys that the Parties have specifically

retained for this Action, and any experts retained by those attorneys, are not required to delete emails containing such Confidential or Highly Confidential Discovery material.

25. This Order does not govern the use of Confidential or Highly Confidential Discovery Material at trial. Prior to trial, the Parties shall meet and confer on the use of Confidential and Highly Confidential Discovery Material at trial and shall address procedures governing such use in the proposed pre-trial order.

26. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of his, her, or its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

27. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential or Highly Confidential Discovery Material is produced or disclosed.

28. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: October 14, 2021.

        **BERNSTEIN LITOWITZ BERGER**
          **& GROSSMANN LLP**

/s/ *David Wales*
David Wales
Thomas James
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444
DavidW@blbglaw.com
Thomas.James@blbglaw.com

**HARRIS ST. LAURENT & WECHSLER LLP**

/s/ *Joseph Gallagher*
Jonathan Harris
Joseph Gallagher
40 Wall Street, 53rd Floor
New York, NY 10005
Tel: (212) 397-3370
Fax: (212) 202-6206
jon@hs-law.com
jgallagher@hs-law.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

/s/ *Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV
Jing-Li Yu
The Helmsley Building
230 Park Avenue, 17th Floor
New York, New York 10169
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334
tlaughlin@scott-scott.com
jyu@scott-scott.com

Geoffrey M. Johnson
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
12434 Cedar Road, Suite 12
Cleveland Heights, OH 44106
Telephone: (216) 229-6088
Facsimile: (860) 537-4432
gjohnson@scott-scott.com

*Attorneys for Plaintiffs and the Class*


/s/ Richard B. Harper
Richard B. Harper
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York 10112-4498
Tele: (212) 408-2500
Fax: (212) 408-2501
richard.harper@bakerbotts.com

David D. Sterling (admitted *pro hac vice*)
Amy Pharr Hefley (admitted *pro hac vice*)
BAKER BOTTS L.L.P.
910 Louisiana Street
Houston, Texas 77002
Tel: (713) 229-1946
Fax: (713) 229-7946
david.sterling@bakerbotts.com
amy.hefley@bakerbotts.com

***Counsel for Defendant Teekay Offshore Partners L.P.***


Dated: October 15, 2021
       New York, New York

SO ORDERED:

*[signature: Kevin Nathaniel Fox]*

_____
Hon. Kevin Nathaniel Fox
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TEEKAY OFFSHORE PARTNERS L.P. COMMON UNITHOLDERS LITIGATION | No. 1:19-cv-06483-RA-KNF |

## NON-DISCLOSURE AGREEMENT

I,_____, acknowledge that I have read and understand the Protective Order entered in the above-captioned action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential. I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation, I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Print name:
Date: